**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MUSLIM ADVOCATES,　　　　　　　　　　) <br> 　P.O. Box 34440　　　　　　　　　　　　) <br> 　Washington, D.C. 20043　　　　　　　　) <br> 　　　　　　　　　　　　　　　　　　　) <br> 　　　　　　　Plaintiff,　　　　　　　　) <br> 　　　　　　　　　　　　　　　　　　　) <br> v.　　　　　　　　　　　　　　　　　　) <br> 　　　　　　　　　　　　　　　　　　　) <br> UNITED STATES CUSTOMS AND BORDER ) <br> PROTECTION,　　　　　　　　　　　　) <br> 　1300 Pennsylvania Ave. NW　　　　　　) <br> 　Washington, D.C. 20229　　　　　　　　) <br> 　　　　　　　　　　　　　　　　　　　) <br> 　　　　　　　Defendant.　　　　　　　) <br> 　　　　　　　　　　　　　　　　　　　) | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.　　　This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*., to compel United States Customs and Border Protection ("CBP") to conduct a reasonable search for and produce records in response to a FOIA request from Plaintiff Muslim Advocates, which seeks records related to the processing of memberships in six "Trusted Traveler Programs" administered by CBP.

2.　　　On January 27, 2017, President Trump issued an Executive Order that barred persons from seven Muslim-majority countries from entering the United States for 90 days, indefinitely blocked refugees from Syria, and barred all refugees from entering for 120 days.

3.　　　Following the Executive Order's issuance, several news organizations reported that CBP had revoked the memberships of certain individuals from the countries listed in the Executive Order from "Trusted Traveler Programs" such as Global Entry, which allow United States citizens, lawful permanent residents, and nationals from certain countries expedited entry through airport

security and customs upon passage of an extensive background check.  The reports indicated that CBP had also revoked Trusted Traveler Program memberships of individuals perceived to have Muslim-sounding names, but who were not necessarily from the seven listed countries.  These individuals included U.S. citizens.

4.      In response to these reports, Plaintiff submitted a FOIA request letter on March 7, 2017 ("2017 FOIA Request") seeking information related to the Department of Homeland Security ("DHS"), the Transportation Security Administration ("TSA"), and CBP's processing and revocation of Trusted Traveler credentials.  Plaintiff subsequently brought suit under FOIA when the agencies failed to respond.[1]

5.      Based partly on information learned from CBP's document production in the 2017 FOIA Request litigation, Plaintiff sent a new FOIA request letter to CBP on June 25, 2018 ("Request") seeking nine categories of existing records related to six specific Trusted Traveler Programs that CBP administers.  The Request described each of the nine categories in detail, identifying certain documents by name and specifying the other records in a manner that would allow the agency to locate them with reasonable effort.

6.      CBP has provided no initial determination, much less made any of the requested records available.  CBP has failed to comply with its duty to make the requested records available.  The requested information is critical to an understanding of whether CBP policies, procedures, and practices related to the Trusted Traveler Programs operated or continue to operate in a discriminatory or unconstitutional way, and the extent to which such practices impacted—and may continue to impact—tens of thousands of individuals, including U.S. citizens.

---

[1] *Muslim Advocates v. Dep't of Homeland Sec.*, No. 17-cv-820 (D.D.C. 2017).

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 5. U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

8.      Venue in this District is proper under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

9.      Plaintiff Muslim Advocates is a not-for-profit corporation that works to ensure the civil rights for Americans of all faiths through national legal advocacy, policy engagement, and civic education.  Muslim Advocates is a "person" within the meaning of 5 U.S.C. § 551(2).

10.     Defendant CBP is a component of the United States Department of Homeland Security and an "agency" within the meaning of 5 U.S.C. § 552(f)(1).  CBP has possession and control over the requested records.

## FACTUAL ALLEGATIONS

11.     On January 27, 2017, President Trump issued Executive Order 13,769 ("Executive Order I"), barring persons from seven Muslim-majority countries—Iran, Iraq, Libya, Somalia, Sudan, Syria, and Yemen—from entering the United States for 90 days, indefinitely blocking refugees from Syria from entering the United States, and prohibiting all refugees from entering the United States for 120 days.

12.     Days and weeks after Executive Order I, several news organizations reported that CBP had revoked Trusted Traveler Program memberships of a number of individuals—including U.S. citizens—from the seven countries as well as from others with Muslim-sounding names. Trusted Traveler Programs allow individuals who have successfully passed an extensive background check to bypass certain screening procedures when traveling.

13.     On March 6, 2017, the President issued another executive order ("Executive Order II"), which replaced Executive Order I and continued to bar persons from six Muslim-majority countries—Iran, Libya, Somalia, Sudan, Syria, and Yemen—from entering the United States on new visas for 90 days, and reinstated the prohibition on all refugees entering the United States for 120 days.

14.     On March 7, 2017, Plaintiff sent the 2017 FOIA Request letter to DHS, seeking information related to processing and revocation of Trusted Traveler credentials from DHS and its components, TSA and CBP.   Litigation to enforce the 2017 FOIA Request remains ongoing. Based on documents already produced in that litigation, however, additional news articles have reported that data show an increase in Trusted Traveler Program membership revocations since the Executive Orders despite CBP's assurance that all affected members have been reinstated.[2] Seeking further information to share with the public on this issue, Plaintiff sent the Request letter to CBP on June 25, 2018.[3]

15.     The Request seeks the following existing records[4] concerning Global Entry, NEXUS, SENTRI, FAST North, FAST South, and TSA PreCheck ("Trusted Traveler Programs"):

---

[2] *See* Justin Bachman, *The Mad U.S. Scramble to Dump 'Trusted Travelers'*, Bloomberg (Feb. 8, 2018), https://www.bloomberg.com/news/articles/2018-02-08/how-trump-s-travel-ban-hurt-trusted-travelers; *see also* Sarah A. Harvard, *Hundreds of Travelers Had Their Global Entry Airport Privileges Revoked – Lawyers Say It's Another Muslim Ban*, The Intercept (Dec. 14, 2017) , https://theintercept.com/2017/12/14/global-entry-trump-travel-ban-muslims/.

[3] A copy of the Request is attached as Exhibit A.

[4] The request provided a detailed definition of "records," including without limitation all preserved electronic or written communications, correspondence, regulations, directives, policies, and other forms of data.  *See* Exh. A at 2 n.7.

a. records reflecting the number of individuals who applied for membership in any of the Programs on or after January 1, 2008, the individuals' country of citizenship, birth, and date of application;

b. records reflecting the number of individuals who were granted memberships in any of the Programs on or after January 1, 2008, the individuals' country of citizenship, birth, and date of admission, and any notations related to the admission;

c. records reflecting the number of individuals who were denied memberships in any of the Programs on or after January 1, 2008, the individuals' country of citizenship, birth, and date of denial, and reason for denial;

d. records reflecting the number of individuals who had their membership in any of the Programs revoked on or after January 1, 2008, the individuals' country of citizenship, birth, and date of revocation, and reason for revocation;

e. records reflecting the number of individuals who had their memberships in any of the Programs reinstated on or after January 1, 2008, the individuals' country of citizenship, birth, date of reinstatement, and reason for reinstatement;

f. the operative version of CPB's Consolidated Trusted Traveler Program Handbook;

g. any and all versions of the Consolidated Trusted Traveler Program Handbook that previously formed the policy of CBP;

h. CBP guidance or memoranda that include directions or instructions related to the processing of applications, denials, revocations, and/or reinstatements of memberships in the Programs; and

i. records describing CBP's processing of the Request, including but not limited to records sufficient to identify the search terms used, the search queries conducted,

records sufficient to identify the locations and custodians searched, any tracking

sheets used to track the processing of this request, and any FOIA questionnaires or

certifications completed by individual custodians or components used to determine

whether they possess responsive materials or to describe how they conducted

searches.

16.     In addition to describing the specific records sought, Plaintiff provided instructions

regarding their search and production, and welcomed discussions with CBP concerning the

Request if necessary.

17.     Plaintiff also sought expedited processing pursuant to FOIA and DHS's FOIA

regulations.[5]  In doing so, Plaintiff explained that expedited processing was warranted in light of

the urgent need to inform the public about a matter impacting tens of thousands of individuals that

raises serious questions about government integrity and a potentially discriminatory and

unconstitutional practice.

## AGENCY RESPONSES

18.     On Monday, July 23, 2018, CBP sent an automated acknowledgement that it

received the Request on July 3, 2018.[6]  The notice acknowledged that CBP was required to process

the FOIA request within 20 business days.

19.     CBP was required to determine by August 1, 2018, and to immediately notify

Plaintiff, whether it would comply with or deny the Request.  *See* 5 U.S.C. § 552(a)(6).[7]

---

[5] *See* Exh. A at 6-7; *see also* 5 U.S.C. § 552(a)(6)(E); 6 C.F.R. § 5.5(e).

[6] *See* Exh. B.

[7] FOIA requires an agency to produce its determination within 20 business days.  See 5 U.S.C. § 552(a)(6)(A).  An agency may delay this determination for up to ten business days if "unusual circumstances" (as defined in section 552(a)(6)(B)(iii)) apply, and if the agency identifies in

Case 1:19-cv-02396   Document 1   Filed 08/08/19   Page 7 of 8

20.     To date, CBP has not made a determination in response to the Request, much less made available any records responsive to the Request.

21.     Because CBP has not complied with FOIA's time limit, Plaintiff is deemed to have exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIMS FOR RELIEF

22.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 21.

23.     CBP was obligated to determine whether to comply with the June 25, 2018 FOIA Request within 20 business days of receiving it on July 3, 2018, and to immediately notify Plaintiff of the agency's determination and the reasons for that determination.

24.     Defendant's failure to determine whether to comply with the Request within 20 business days after receiving it violates FOIA, 5 U.S.C. § 552(a)(6)(A), (B), and applicable regulations promulgated thereunder.

25.     Additionally, Plaintiff has a right under FOIA to obtain the records requested on June 25, 2018, and CBP has no legal basis for its failure to promptly make the requested records available to Plaintiff and the public.

26.     CBP's failure to promptly make available the records sought violates 5 U.S.C. § 552(a)(3)(A), and applicable regulations promulgated thereunder.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Muslim Advocates respectfully requests that the Court enter judgment in its favor and that this Court:

---

writing to the requester both the unusual circumstances that apply and the date on which a determination can be expected.  *Id.* § 552(a)(6)(B)(i).  CBP's acknowledgement letter failed to identify any of the enumerated unusual circumstances or a date by which its determination could be expected, *see* Exh. B, so CBP was not entitled to take advantage of FOIA's ten-day delay.  In any event, the extra ten business days have long since passed.

7

1) Declare that CBP violated FOIA by failing to determine whether to comply with the Request within the 20-day limit and by failing to immediately notify Plaintiff of such determination and the reasons thereof;

2) Declare that CBP violated FOIA by unlawfully withholding the requested records;

3) Order CBP to immediately disclose the requested records to the public and make copies immediately available to Plaintiff;

4) Order CBP to grant Muslim Advocates a waiver of all fees associated with the Request;

5) Award Plaintiff its reasonable costs and attorneys' fees; and

6) Grant such other and further relief as the Court may deem just and proper.


Dated: August 8, 2019

/s/ Sara S. Zdeb
Sara S. Zdeb (D.C. Bar No. 991065)
David J. Leviss (D.C. Bar No. 1003724)
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, D.C. 20006
202-383-5300
szdeb@omm.com
dleviss@omm.com

Redwan Saleh (*pro hac vice* forthcoming)
O'MELVENY & MYERS LLP
7 Times Square Tower
New York, NY 10036
212-728-5897
rsaleh@omm.com

Hannah Dunham (D.C. Bar No. 1602404)
(application for admission pending)
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
213-430-6000
hdunham@omm.com

Matthew Callahan (D.C. Bar No. 888324879)
MUSLIM ADVOCATES
P.O. Box 34440
Washington, D.C. 20043
202-897-2622
sirine@muslimadvocates.org
matthew@muslimadvocates.org

*Counsel for Plaintiff Muslim Advocates*