## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Muslim Advocates, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:19-cv-02396-DLF |
| | ) |
| U.S. Customs and Border Protection | ) |
| | ) |
| Defendant. | ) |

## **ANSWER**

Defendant, U.S. Customs and Border Protection ("CBP") hereby answers the numbered paragraphs of Plaintiff's complaint, in the above captioned action.

1. The allegations contained in this paragraph consist of Plaintiff's characterization of its Complaint, to which no response is required.

2. The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

3. The allegations contained in this paragraph consist of Plaintiff's characterization of news reports and do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

4. Defendant admits that Plaintiff submitted a FOIA request that is the subject of litigation in *Muslim Advocates v. Dep't of Homeland. Sec.*, No. 17-cv-820 (D.D.C. 2017).

5. Defendant admits that Plaintiff submitted a FOIA request dated June 25, 2018. The remainder of this paragraph consists of Plaintiff's characterization of its FOIA request, to which no response is required.

6. Defendant admits it has yet to produce records in response to Plaintiff's FOIA request. The remainder of this paragraph consists of Plaintiff's legal conclusions, to which no response is required.

7. The allegations contained in this paragraph consist of legal conclusions regarding jurisdiction, to which no response is required.

8. The allegations contained in this paragraph consist of legal conclusions regarding venue, to which no response is required.

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

10. Defendant admits that CBP is a component of the U.S. Department of Homeland Security and an agency of the United States Government. The second sentence of this paragraph consists of legal conclusions, to which no response is required.

11. The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the Executive Order for a full and accurate statement of its contents.

12. The allegations contained in this paragraph consist of Plaintiff's characterization of news reports and CBP's Trusted Traveler Programs and do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

13. The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the Executive Order for a full and accurate statement of its contents.

14. Defendant admits that Plaintiff submitted a FOIA request that is the subject of litigation in *Muslim Advocates v. Dep't of Homeland. Sec.*, No. 17-cv-820 (D.D.C. 2017). The merits of that litigation have been resolved. The only remaining issue is whether Plaintiff is entitled to attorney's fees and costs. The allegations contained in the third sentence of this paragraph consist of Plaintiff's characterization of news reports and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. Defendant admits that Plaintiff submitted a FOIA request dated June 25, 2018.

15. The allegation contained in this paragraph consists of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the FOIA request for a full and accurate statements of its contents.

16. The allegation contained in this paragraph consists of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

17. The allegation contained in this paragraph consists of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

18. Defendant admits that it acknowledged Plaintiff's FOIA request in a letter dated July 23, 2018. The second sentence consists of Plaintiff's characterization of that letter, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents.

19. This allegation consists of Plaintiff's conclusion of law, to which no response is required.

20. Defendant admits it has yet to produce records in response to Plaintiff's FOIA request.

21. This allegation consists of Plaintiff's conclusion of law, to which no response is required.

22. This paragraph incorporates and re-alleges paragraphs 1 through 21 of the Complaint. To the extent a response is deemed required, Defendant refers the Court to its responses to paragraphs 1 through 21 of the Complaint.

23. This allegation consists of Plaintiff's conclusion of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph.

24. This allegation consists of Plaintiff's conclusion of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph.

25. This allegation consists of Plaintiff's conclusion of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph.

26. This allegation consists of Plaintiff's conclusion of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph.

    The remaining paragraph of the Complaint contains Plaintiff's requested relief, to which no response is required. Defendant hereby denies all allegations of the Complaint not otherwise specifically answered above.

**DEFENSES**

**FIRST DEFENSE**

As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief may be granted under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**SECOND DEFENSE**

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions to the FOIA.

**THIRD DEFENSE**

The Court lacks jurisdiction over the subject matter of this Complaint for any relief that exceeds the relief authorized by statute under 5 U.S.C. § 552.

Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney
General Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

/s/ Daniel D. Mauler
Daniel D. Mauler
(D.C. Bar No.: 977757)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs
Branch 1100 L Street, N.W.
Washington, D.C.  20500
Telephone: (202) 616-0773
Facsimile: (202) 616-8460
Email: dan.mauler@usdoj.gov

*Counsel for Defendant*

5